UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.:2:15-CV-87-JVB-JEM |
| ) | |
| INDIANA HARBOR BELT RAILROAD ) | |
| COMPANY, *et al.*, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Protective Order that the Deposition of General Manager Pat Daly not be Taken [DE 15], filed by Defendant Indiana Harbor Belt Railroad Company on July 20, 2015. Defendant seeks a protective order preventing Plaintiff United States of America from taking the deposition of general manager Pat Daly. On August 3, 2015, Plaintiff filed a response and on August 17, 2015, Defendant filed a reply.

**I.  Background**

On March 9, 2015, the United States filed a Complaint against Defendant Indiana Harbor Belt Railroad Company and its locomotives, Defendants Indiana Harbor Belt Railroad Company Locomotive 3801 and 3802, pursuant to the System Unit Resource Protection Act. The United States seeks damages related to fires in the Indiana Dunes National Lakeshore on March 10, 2012, and March 11, 2012. The United States alleges that Defendant's locomotives ejected or deposited hot carbon cinders as they passed the National Lakeshore.

**II.  Analysis**

Defendant argues that Daly does not have information relevant to the issues in the case or reasonably calculated to lead to the discovery of admissible evidence. The United States argues that

Defendant has not show good cause for a protective order.

Federal Rule of Civil Procedure 26(b) provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Federal Rule of Civil Procedure 26(c) allows the Court, for good cause, to issue an order to protect a party from discovery "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "The party moving for a protective order must establish that good cause exists for the Court to exercise its discretion in entering a protective order." *Nieves v. OPA, Inc.,* 948 F.Supp. 2d 887, 891 (N.D. Ill. 2013).

Defendant argues that Daly does not have any personal knowledge about the investigation, that the United States has not explained what relevant information Daly would have, and that there are less burdensome methods to obtain information. Defendant provides an affidavit of Daly stating:

> I did not conduct any investigation concerning the fires. I did not interview any witnesses. I did not go to the location where the fire or fires occurred, I did not inspect any of the locomotives in question. Additionally I did not interview any of the persons who did inspect the locomotives, and I did not meet with any representatives of the Federal Government concerning the fires.

Def. Mot. Ex. E. ¶4. The United States argues that Daly's deposition is reasonably calculated to lead to discovery of admissible evidence since, among other things, he likely has information relevant to an incident that his company is now addressing in Court and has addressed administratively for the pat three and a half years.

The party moving for a protective order has the burden of showing good cause to issue a protective order. Although, as Defendant argues, discovery must be relevant, it also does not get to

determine what is relevant the United State's case.

> The test under Rule 26 is not whether a putative deponent had personal involvement in an event, or even whether [he] has "direct" knowledge—which is merely another way of saying that [he] was a participant in the event—but whether the witness may have information from whatever source that is relevant to the claim or defense . . . In short, even if one could accept at face value [the putative deponent] claim of lack of personal involvement, [his] affidavit is analytically irrelevant.

*Johnson v. Jung*, 242 F.R.D. 481, 483 (N.D. Ill. 2007). In general a putative deponent "cannot escape examination by denying knowledge of any relevant facts, since the party seeking to take the deposition is entitled to test the witness's lack of knowledge." 8A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2037 (3d ed.). Furthermore, in this matter Defendant does not claim that Daly has no relevant information, only that he does not have firsthand information in a recitation of very specific circumstances. The United States should be permitted to make inquiries in this case to determine the extent of Daly's participation and knowledge. *See Johnson*, 242 F.R.D. at 484 ("Indeed, most cases have refused to accept this kind of *ex parte* tactic, recognizing that a party has a right to test the validity of the assertions.").

Defendant also argues that there are less burdensome means of obtaining the information that the United States desires. Defendant, however, does not argue that the deposition would create undue burden or expense. The United States proposed to take Daly's deposition at his place of business at a mutually convenient date, requiring no travel and little expense to be borne by Defendant. *C.f., Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) ("The requested deposition . . . would have been a quite costly and burdensome means for determining whether he had information bearing on [Plaintiff's] termination."); *Berning v. UAW Local 2209*, 242 F.R.D. 510,

513 (N.D. Ind. 2007) ("[N]ot only does [Defendant] claim that [the putative deponent] has no personal knowledge about [the] matter, but it also contends that [the putative deponent] participating in a deposition by [Plaintiff] would be unduly burdensome and oppressive to him.").

### III. Conclusion

For the reasons explained above, the Court hereby **DENIES** the Motion for Protective Order that the Deposition of General Manager Pat Daly not be Taken [DE 15].

SO ORDERED this 16th day of September, 2015.

s/ John. E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record